IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERMAN QUINONEZ, on behalf of himself and on behalf of others similarly situated,

    Plaintiff,

  v.

EMPIRE TODAY, LLC, and Does 1–10,

    Defendants.

No. C 10-02049 WHA

**ORDER DENYING MOTION TO DISMISS AND MOTION TO COMPEL ARBITRATION**

## INTRODUCTION

This action involves a dispute between an employer and a worker over unpaid overtime and meal benefits. Plaintiff seeks to represent a class of individuals who were hired by a floor-installation company and allegedly misclassified as independent contractors rather than employees in violation of California Labor Code. The contract between plaintiff and defendant for floor-installation services included a forum-selection clause and an arbitration clause that addressed how the parties would resolve any dispute. Defendant moves to dismiss or transfer venue under the forum-selection clause, or in the alternative to compel arbitration according to the terms of the contract and stay proceedings pending arbitration. For the reasons stated below, the motions to dismiss and compel arbitration are **DENIED**.

**STATEMENT**

Plaintiff German Quinonez was hired by defendant Empire Today, LLC to deliver and install carpet and flooring in November 2006. Empire hired Mr. Quinonez as an "installer" — an "independent contractor" under the terms of the contract between the parties. Mr. Quinonez worked as an installer for two years. In 2009 he was hired by another independent contractor working for defendant. Mr. Quinonez worked for this independent contractor as a "helper" — an assistant to an installer — over the past two years. The "Subcontractor Installation Agreement" between Mr. Quinonez and Empire stated that an installer is an independent contractor and a helper is not an employee of defendant (Sexton Decl., Exh. A at ¶¶ 10–11):

> Subcontractor acknowledges its role as an independent contractor as it performs work under this Agreement and that it shall be solely responsible for adhering to all Federal, State and local laws in connection with its business and employees with regard to salaries, withholding, reporting/payment of all payroll taxes, expenses, and insurances. No employees or agents of the Subcontractor shall be deemed to be employees or agents of Empire.

Mr. Quinonez made about $3,500 a month as an installer and $100 per day as a helper. In both positions, plaintiff worked an average of 45 hours a week installing carpets and flooring.

Plaintiff filed a complaint against defendant Empire on behalf of himself, and other installers and helpers, seeking damages for failure to pay overtime and meal benefits in violation of the California Labor Code. Specifically, the complaint alleged that defendant illegally classified plaintiff as an independent contractor and: (1) failed to properly pay overtime wages for work done in excess of eight hours in a day or 40 hours in a week; (2) failed to pay wages due upon termination of employment; (3) failed to provide meal periods or pay a premium for missed meal periods; and (4) failed to provide wage statements that complied with the California Labor Code (Compl. ¶¶ 1–8).

The Subcontractor Installation Agreement between plaintiff and defendant for floor-installation services included a forum-selection clause and an arbitration clause that addressed how the parties would resolve any dispute. Again, defendant now moves to dismiss or transfer venue under the forum-selection clause, or in the alternative to compel arbitration

according to the terms of the contract and stay proceedings pending arbitration. For the reasons stated below, defendant's motions are **DENIED**.

## ANALYSIS

### 1. FORUM-SELECTION CLAUSE.

Federal law governs the validity of a forum-selection clause. Forum-selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances. *The Bremen v. Zapata Off-Shore Co.*, 47 U.S. 1, 12-18 (1972). Under Ninth Circuit law, however, a forum-selection clause in a contract does not apply to tort claims if resolution of the tort claims is not dependent on the interpretation of the contract. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513–14 (9th Cir. 1988). The Subcontractor Installation Agreement contained a forum-selection clause that stated (Sexton Decl., Exh. A at ¶ 21):

> This Agreement shall be governed by, construed in accordance with, the laws of Illinois and parties agree jurisdiction and venue for any actions hereunder shall reside with the State of Illinois.

Defendant argues that the claims in this action turn on the agreement and do not arise under the California Labor Code, relying heavily on *Besag v. Custom Decorators, Inc.*, 2009 WL 330934 (N.D. Cal. Feb. 10, 2009) (White, J.). In fact, during the November 4 hearing for the instant motion, defense counsel emphasized that, "this case is on all fours with *Besag*" as part of oral argument. In *Besag*, the applicability of a forum-selection clause was contested under similar factual circumstances involving the classification of workers as independent contractors. Judge Whyte determined that forum-selection clauses properly include statutory claims under state law if the claims are inextricably intertwined with the construction and enforcement of the parties' agreement. *Id.* at *2. *Besag*, however, relied heavily on another decision involving the similar facts and the exact same legal issue, *Narayan v. EGL, Inc.*, 2007 WL 2021809 (N.D. Cal. Jul.10, 2007) (Whyte, J.). *Narayan* had rejected the plaintiffs' argument that their claims under the California Labor Code fell outside the scope of a forum-selection clause, explaining that because the claims necessarily turn on the issue of

3

whether plaintiffs were or were not independent contractors, their claims concerned the interpretation and enforcement of their contracts.

A few months ago, however, the Ninth Circuit reversed and remanded *Narayan*. Neither party addressed this recent decision in their briefing for the instant motion and during the November 4 hearing counsel for both parties admitted that they were not aware of the decision. The Ninth Circuit sent a strong message that contractual schemes to avoid the California Labor Code will not be tolerated. "The label placed by the parties on their relationship is not dispositive, and subterfuges are not countenanced." The Ninth Circuit decision also emphasized that the statute, not the contract, gave rise to the claims, "While the contracts will likely be used as evidence to prove or disprove the statutory claims, the claims do not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract." *Narayan v. EGL, Inc.,* 616 F.3d 895, 899, 904 (9th Cir. 2010).

So too here. The claims brought by plaintiff do not arise under the contract between the parties but from the California Labor Code. Specifically, plaintiff argues that defendant illegally classified plaintiff, and other installers and helpers like him, as independent contractors to deny meal and overtime benefits provided by the California Labor Code. Neither party contests that plaintiff is classified as an independent contractor in the contract between the parties, so the interpretation of the contract is not at issue. *Rather, the question is whether in classifying plaintiff, and others like him, as an independent contractor defendant has violated the law*. Thus, the proper analytical exercise in resolving this action does not turn on the Subcontractor Installation Agreement. The forum-selection clause does not apply to this action.

## 2. ARBITRATION CLAUSE.

Defendant's motion to compel arbitration is governed by the Federal Arbitration Act. A district court's role under the FAA is limited to determining: (1) whether a valid agreement to arbitrate exists and; if it does, (2) whether the agreement encompasses the dispute at issue. If the district court determines that a valid arbitration agreement encompasses the dispute, then the FAA requires the court to enforce the arbitration agreement according to its terms. *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).

4

Turning to the Subcontractor Installation Agreement, the arbitration portion stated (Sexton Decl., Exh. A at ¶ 34):

> Empire and Subcontractor agree that any and all disputes, claims, or controversies (hereinafter referred to as "Claim") arising under or relating to this Agreement, including by way of example and not as a limitation: (i) the relationship resulting from this agreement; (ii) the breach or alleged breach of this Agreement, (iii) matters including, but not limited to, termination, claims of age, gender or disability discrimination, sexual harassment of civil rights or (iv) the validity of this Agreement or the validity or enforceability of this arbitration provision, may, at the option of either Empire or Subcontractor, be adjudicated by final and binding arbitration, under one arbitrator in accordance with the Commercial Dispute Resolution Rules of the American Arbitration Association in effect at the time of the demand for arbitration made.

To determine whether this arbitration agreement was valid, we must first determine whether to apply the law of the State of Illinois or the State of California. A federal court sitting in diversity applies the choice-of-law rules of the forum to determine the applicable substantive law. *Fields v. Legacy Health Systems,* 413 F.3d 943, 950 (9th Cir. 2005). California, the forum state, ordinarily examines the scope of a choice-of-law provision in a contract under the law designated in that contract. *Washington Mutual Bank, F.A. v. Superior Court*, 15 P.3d 1071, 1078 n.3 (Cal. 2001). In this action, that is Illinois law. Under Illinois law, similar choice-of-law clauses, providing under what law an agreement shall be enforced, apply to claims closely related to the contract, and do not encompass all disputes between the parties. *AT&T Capital Services, Inc., v. Shore Financial Services, Inc.*, 2010 WL 2649874, at *6 (N.D. Ill. June 30, 2010). As discussed earlier, the claims brought by plaintiff do not arise under the contract between the parties.

The claims in the instant action involve entitlement to benefits under the California Labor Code. Whether the installers and helpers are entitled to those benefits, "depends on whether they are independent contractors or employees of [defendant], which in turn depends on the definition that the otherwise governing law—not the parties—gives to the term employee." *Narayan v. EGL, Inc.,* 616 F.3d 895, 899 (9th Cir. 2010). The claims in this case arose under the California Labor Code so California law should apply to determine whether the arbitration agreement was valid.

5

In the instant action, to determine whether a valid arbitration agreement exists, let alone whether the agreement encompasses the dispute at issue, the entire arbitration clause must be examined, with particular attention paid to any provisions involving class actions. In this respect, the Subcontractor Installation Agreement included a further paragraph relating to a potential class-action (Sexton Decl., Exh. A at ¶ 34):

> Any arbitration proceeding brought under this Agreement, and any award, finding or verdict of or from such proceeding shall remain confidential between the parties and shall not be made in public. Subcontractor agrees that Subcontractor will assert a Claim only on behalf of Subcontractor's own self and that Subcontractor will not assert a Claim on behalf of, or as a member of, a class or group in either an arbitration proceeding or in any forum or action.

This class-action waiver clause conflicts with California law. In *Gentry v. Superior Court*, 42 Cal.4th 443 (2007), the California Supreme Court decided that the right to allege and prosecute class-actions to recover overtime compensation was a fundamental public policy that strongly protects an employee's right to bring a class action to recover unpaid overtime and other wages against an employer:

> When it is alleged that an employer has systematically denied proper overtime pay to a class of employees and a class action is requested notwithstanding an arbitration agreement that contains a class arbitration waiver, the trial court must consider the following factors: the modest size of the potential individual recovery, the potential for retaliation against members of the class, the fact that absent members of the class may be ill informed about their rights, and other real world obstacles to the vindication of class members right to overtime pay through individual arbitration. If it concludes, based on these factors, that a class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration, and finds that the disallowance of the class action will likely lead to a less comprehensive enforcement of overtime laws for the employees alleged to be affected by the employer's violations, it must invalidate the class arbitration waiver to ensure that these employees can "vindicate [their] unwaivable rights in an arbitration forum."

*Id.* at 464.

Applying the factors set forth in *Gentry* to the instant action, this order finds that the arbitration agreement in question is not valid. *First*, the putative class members' individual claims tend to be modest. Mr. Quinonez estimated his damages, over a five-year period, to be

6

1 around $22,000.  In comparison, the California Supreme Court found in *Gentry* that even

2 $37,000 in damages would not be enough to negate a class action.  42 Cal.4th at 458.

3 *Second*, an installer that worked with Mr. Quinonez declared a fear of retaliation and it would

4 be premature to assume that this installer is the only individual that worked for Empire with this

5 fear.  *Third*, much like the putative class in *Gentry*, many of the installers and helpers that work

6 for Empire are not aware of their rights and do not know that their rights may have been

7 violated through the Subcontractor Installation Agreement.  *Finally*, the real-world

8 considerations in the instant action favor plaintiff.  Most of the installers and helpers working

9 for defendant speak minimal English and depend on their wages.  The examination of these four

10 factors leads to one conclusion — arbitration denies plaintiff, and others, an opportunity to

11 exercise their legal rights.  The obstacles faced by installers and helpers to vindicate their rights

12 are formidable and individual arbitration does not mitigate these obstacles.

13 Defendant next argues that even if the class action waiver is unenforceable, invalidation

14 of the arbitration agreement is not the appropriate remedy.  Specifically, defendant argues that

15 California law, under Section 1670.5(a) of the Code of Civil Procedure, dictates that when a

16 contract contains an unenforceable provision that provision may be removed from the

17 agreement, rather than invalidating the entire agreement.  Defendant cites *Armendariz v.*

18 *Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 124 (2000), for the proposition that

19 invalidation of an entire agreement is only appropriate when the unconscionable clause or

20 provision taints the central purpose of the agreement.  Moreover, defendant argues that rather

21 than invalidating the arbitration agreement, *Gentry* provides compelled class arbitration as the

22 appropriate remedy.

23 True, California law permits a choice in dealing with an unenforceable provision in a

24 contract — a court may remove the provision or invalidate the entire agreement.  Removing the

25 offending paragraph would still leave a flawed agreement, for the remaining arbitration clause

26 provides no explicit protections for absent class members.  Rule 23 carefully delineates such

27 protections for absent class members.  We must be ever mindful that a class proceeding is

28 mostly about protecting those who are absent, not just vindicating the rights of the immediate

7

parties. Unlike Rule 23, the agreement in question is silent in protecting absent class members. If the company had wanted a class arbitration, it should have written a provision that explicitly contemplated class proceedings and laid out the appropriate protections. *See Stolt-Nielsen S.A. v. Animalfeeds International, Inc.*, --- U.S. ---, 130 S. Ct. 1758, 1775–1776 (2010) (emphasizing that class arbitration may not be imposed on parties that did not explicitly agree to class arbitration in the terms of their contract).

**CONCLUSION**

For the reasons stated, the motions to dismiss and compel arbitration are **DENIED**.

**IT IS SO ORDERED.**

Dated: November 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE