IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN QUINONEZ, on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>EMPIRE TODAY, LLC, and Does 1–10,<br><br>   Defendants.<br>_____ / | No. C 10-02049 WHA<br><br>**ORDER GRANTING MOTION TO REMAND, DENYING AS MOOT MOTION FOR LEAVE TO AMEND COMPLAINT, AND VACATING HEARING** |

This action involves a dispute over unpaid overtime and meal benefits. Plaintiff seeks to represent a class of individuals who were hired by a floor-installation company and allegedly misclassified as independent contractors rather than employees in violation of the California Labor Code. Defendant moves to remand the action because the amount in controversy does not meet the minimum requirement under the Class Action Fairness Act. For the reasons stated below, defendant's motion to remand is **GRANTED** and plaintiff's motion for leave to amend the complaint is **DENIED AS MOOT**.

Plaintiff German Quinonez was hired by defendant Empire Today, LLC to deliver and install carpet and flooring. Empire hired Mr. Quinonez as an "independent contractor" under the terms of a contract between the parties. Mr. Quinonez worked for Empire for two years before his contract was not renewed. Plaintiff filed a complaint in San Mateo County Superior Court against defendant Empire on behalf of himself, and others similarly situated, seeking damages for failure to pay overtime and meal benefits in violation of the California Labor Code.

1  Specifically, the complaint alleged that defendant illegally classified plaintiff as an independent
2  contractor and: (1) failed to properly pay overtime wages for work done in excess of eight hours
3  in a day or 40 hours in a week; (2) failed to pay wages due upon termination of employment;
4  (3) failed to provide meal periods or pay a premium for missed meal periods; and (4) failed to
5  provide wage statements that complied with the California Labor Code (Compl. ¶¶ 1–8).

6  Similar to a Star Wars bar scene, the procedural history in this action is bizarre. On
7  May 13, 2010, defendant removed this action based on original jurisdiction under the Class
8  Action Fairness Act, 28 U.S.C. 1332(d)(2), and 28 U.S.C. 1441 *et seq*. At that time, defendant
9  asserted, based on plaintiff's complaint, that the amount in controversy requirement for CAFA
10 was met. The very same defendant, however, now moves to remand based on new information
11 from plaintiff about the amount in controversy. Plaintiff does not oppose defendant's motion to
12 remand. Plaintiff also moves for leave to amend his complaint.

13 Federal courts have original jurisdiction over any class action lawsuit in which: (1) any
14 member of the class of plaintiffs is a citizen of a state different from any defendant, and (2) the
15 matter in controversy exceeds the sum of five million dollars, exclusive of interest and costs.
16 28 U.S.C. 1332(d)(2). Federal jurisdiction must be rejected if there is any doubt as to the right
17 of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover,
18 the burden is on the removing party to prove the amount in controversy by a preponderance of
19 the evidence. *See Abrego Abrego v. The Dow Chemical Co., et al.*, 443 F.3d 676, 683 (9th Cir.
20 2006).

21 Defendant argues that this action should be remanded because the amount in
22 controversy does not exceed five million dollars. Defendant initially removed this action from
23 state court and asserted that the amount in controversy requirement under CAFA was met.
24 Defendant based this assertion on plaintiff's complaint which stated, in separate paragraphs,
25 that the relief sought was two million dollars for compensatory damages, three million dollars
26 for restitution, and three hundred thousand dollars for penalties under California law (Compl. ¶¶
27 54–56). Defendant combined these amounts and asserted in the notice of removal that the total
28 amount in controversy exceeded five million dollars (Dkt. No. 1). Subsequently, however,

counsel for defendant spoke with plaintiff's counsel and learned that the two million dollars for compensatory damages referenced in plaintiff's complaint is subsumed in the three million dollars requested for restitution (Sexton Decl. ¶¶ 3–4). In other words, the amount in controversy in this action does not exceed five million dollars. Plaintiff does not oppose defendant's motion to remand and even admits that the relief sought in this class action does not meet the amount in controversy requirement (Opp. 5).

For the reasons stated above, defendant's motion to remand is **GRANTED** and plaintiff's motion for leave to amend the complaint is **DENIED AS MOOT**. Accordingly, the December 30 hearing scheduled for this motion is **VACATED**. The Clerk shall remand this action to the Superior Court of California, County of San Mateo.

**IT IS SO ORDERED.**

Dated: December 16, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3